**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:13-CV-131-WJM-KMT

DARWIN NATIONAL ASSURANCE COMPANY,

      Plaintiff,

v.

BENDINELL LAW OFFICE, P.C.
RICHARD DONADIO
KEVIN TAPP, and
SHEILA WINDHORST,

      Defendants,

v.

SHEILA WINDHORST,

      Cross-Claim Plaintiff,

v.

BENDINELLI LAW OFFICE, P.C. and
MARC BENDINELLI, Personally,

      Cross-Claim Defendants.

**STIPULATED CONFIDENTIALITY ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of specified documents, disclosures, depositions, deposition exhibits, interrogatory responses, admissions, and any other information disclosed, produced, given or exchanged by

1

and among the Parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material"):

1. Any Party or non-party who provides or has provided information or material to any Party in connection with this litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Stipulation if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, privileged, proprietary or commercially or personally sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").

2. For purposes of this Stipulation, information considered to be Confidential Discovery Material may include materials containing non-public information related to or comprising: attorney-client privileged, confidential or work product doctrine protected communications; physician patient privileged communication, information protected under HIPPA or other personally sensitive or proprietary information.

3. The designation by any Producing Party of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating Party and that there is a good faith basis for such designation.

4. Discovery Material, or information derived therefrom, shall be used solely for the purposes of prosecuting or defending any claim or defense arising out of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or in connection with any other litigation.

5. The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

2

    a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, <u>provided</u> that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order thereafter; and

    b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within 20 days after receipt of the deposition transcript or other pretrial testimony and, in no event later than 60 days after the date on which the deposition or other pretrial testimony is given, <u>provided</u> that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

  6. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    a. the Parties to the Litigation (including officers, directors and employees of the Parties) and counsel for the Parties who have appeared in this Litigation, and regular and temporary employees or agents of such counsel necessary to assist in the conduct of the litigation for use in accordance with this Stipulation and Order;

    b. experts or consultants necessary to assist counsel for the Parties in the conduct of this Litigation;

    c. witnesses or deponents (other than directors, officers or employees of the Parties), and their counsel, during the course of or, to the extent necessary, in preparation for, depositions or testimony in this Litigation;

    d. the Court, Court personnel, and similar personnel;

    e. Court reporters employed in connection with this Litigation;

    f. any author or recipient (outside of the Litigation) of Confidential Discovery Material; and

    g. any other person only upon order of the Court or upon stipulation of the Party that produced the Confidential Discovery Material.

    7. A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made and set forth the reasons disclosure beyond that described in Paragraph 6 above is reasonably necessary. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party challenging the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of

establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL pursuant to this Order.

8. In the event that any Party in the above-captioned action is requested or required (by oral questions, interrogatories, request for information or documents, subpoena, civil investigative demand, or other process) by any non-party to disclose any Confidential Information, the Party receiving the request to disclose will provide the Producing Party with written notice of any such request or requirement as soon as possible so that the Producing Party may seek an appropriate protective order, seek to narrow the request or demand or waive compliance with the provisions of this Agreement.

9. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof unless the Producing Party consents to the disclosure or the Court orders that the information may be disclosed.

10. All documents of any nature, including briefs, which have been designated as "Confidential," and which are filed with the Court, shall be filed under seal.

11. Documents containing information that has been designated "Confidential," and which are authorized by this Court to be filed under seal, shall be released from confidential treatment by the clerk of the Court only upon further order of the Court.

12. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

        a.    operate as an admission by any Party that any particular Confidential Discovery Material contains or reflects trade secrets or any type of privileged or confidential information;

        b.    prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

        c.    prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

        d.    prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to this Stipulation and Order;

        e.    prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information; or

        f.    prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13.    This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Discovery Material for any purpose. Nothing herein (i) shall prevent a Party from disclosing Confidential Information to officers, directors or employees of the Producing Party; or (ii) shall impose any restrictions on the use or disclosure by a Party of

documents, materials or information designated as Confidential obtained lawfully by such Party independently of the discovery proceedings in this Litigation.

14. If information subject to a claim of attorney-client privilege, work product or any other ground on which production of such information should not be made to any Party is inadvertently produced to such Party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim or privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another Party, that Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made, and the receiving Party shall not use such information for any purpose until further order of the Court. The Party returning such material may then move the Court for an order compelling production of the material.

15. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined Party by its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

16. It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause.

17. Non-parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound thereby.

18. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto which is satisfactory to all Parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

19. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

20. 14. Within ninety (90) days after final adjudication of this case, including appeals or resolution through settlement, at the request of the producing party, each party shall either: (a) assemble and return all Confidential Discovery Material, including all copies thereof, to the party that produced it; or (b) certify in writing that all such information has been destroyed or will be maintained as confidential until destroyed pursuant to any document or data destruction procedures applicable to such material. Any disputes concerning the applicability of this paragraph shall be resolved by the Court. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), _provided_ that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Party that produced the Confidential Discovery Material.

21. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

22. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceeding.

Dated at Denver, Colorado, this 16th day of May, 2013.

BY THE COURT:

_____
United States Magistrate Judge

STIPULATED AND AGREED TO:

| | |
|---|---|
| _s/_____<br>Richard A. Simpson<br>Mary E. Borja<br>WILEY REIN LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>(202) 719-7000<br><br>*Counsel for Plaintiff Darwin National Assurance Company* | _s/_____<br>Robert M. Baldwin, Esq.<br>Baldwin Morgan & Rider, P.C.<br>1512 Larimer Street<br>Suite 450<br>Denver, CO 80202<br>(303) 623-1832<br><br>*Counsel for Defendant Bendinelli Law Office, P.C.*<br><br>_s/_____<br>Cecelia A. Fleischner, Esq.<br>Eric D. Hevenor, Esq.<br>McConnell Fleischner Houghtaling, LLC<br>4700 South Syracuse Street, Suite 200<br>Denver, CO 80237<br>(303) 480-0400<br><br>*Counsel for Defendants Bendinelli Law Office, P.C. and Marc Bendinelli* |
| _s/_____<br>Bradley A. Scriven, Esq.<br>Sisun & Scriven, P.C.<br>90 Madison Street<br>Suite 302<br>Denver, CO 80206<br>(303) 377-8861<br><br>*Counsel for Defendant Sheila Windhorst* | |

10